**BISCAYNE BEACH THEATRE, INC., a Florida corporation, v. JOHN HARVEY HILL.**

9 So. (2nd) 109                                   En Banc
June 30, 1942

Blackwell & Walker, for petitioners.

McKay, Dixon & DeJarnette, for respondent.

PER CURIAM:

This hearing on certiorari reviews the judgment of the Circuit Court on writ of error sustaining, upon remittitur filed, a judgment entered by the Civil Court of Record of Dade County.

Respondent brought his action in the Civil Court of Record of Dade County to recover for injuries sustained by him because of the alleged negligence of petitioner's servant. Petitioner filed pleas of not

guilty, assumption of risk, contributory negligence and injury by a fellow servant. Replication was filed charging petitioner with negligence in supplying one of its servants who was unfit to do the work to help respondent. At the trial on these issues a verdict was found in favor of respondent in the amount for which he had sued, $4,999.00. Writ of error was taken to the Circuit Court where the judgment below was affirmed upon the condition, since fulfilled, that respondent file a remittitur for damages recovered in excess of $3500.00. A writ has been issued to review this order.

The testimony shows that respondent was welding a sheet of metal for petitioner on the latter's property, with the assistance of petitioner's servant. While the work was being done the metal sheet fell or was dropped, striking respondent on the wrist, severing several tendons and causing serious injury. The testimony on all of the issues is in conflict. On certiorari, this court will not question the judgment below on the merits nor examine the evidence to determine whether it is of sufficient probative force to sustain the verdict. City of Jacksonville Beach v. Waybright, 130 Fla. 525, 178 So. 401.

As heretofore stated, petitioner plead assumption of the risk by respondent, in substance, viz: that although petitioner's servant was too old and infirm properly to do the work assigned him in helping respondent with welding, the servant's age, condition and abilities were so apparent that respondent assumed the risk when he accepted the servant's assistance and proceeded with the job. The replication charged petitioner with the negligence of supplying

an incompetent helper and denied knowledge of the incompetency by respondent.

With the pleadings in this state, counsel for respondent was allowed over objection to read to the jury the plea of confession and avoidance in his opening statement, in explaining the issue made by respondent's replication. The question of whether the plea was an admission by petitioner of its negligence arose several times during direct and cross-examination of witnesses, although the jury was excluded from hearing the argument each time.

It was proper to allow the pleadings to be read by counsel in his opening statement. Thompson on Trials (2nd) ed. 1912) Vol. 1, Sec. 260. But counsel asserted all through the trial before the jury that the plea of confession and avoidance was a binding admission of the negligence denied by the plea of general issue. During his closing argument to the jury, counsel for respondent was allowed to argue, over objection, that "they [the petitioner] admits the negligence but they try to excuse it by saying 'Well, Mr. Hill, [the respondent] should have known it as well as we did.'" Counsel went to the extent of offering the plea into evidence "for the purpose of showing that [petitioner] admit that the man . . . was incapable of doing the work." This offer was properly denied, but the assertion was made before the jury and although denied, the argument to the same effect was allowed later.

In Dowling v. Nicholson, 101 Fla. 672, 135 So. 288, it was said:

". . . it is certain that under our statute which provides for and allows contradictory pleas to be filed by a defendant in a common-law case (Section

4318, Comp. Gen. Laws 1927, Section 2652, Rev. Gen. St. 1920) that it is not proper practice to allow the plaintiff to use one plea, and admissions of fact necessarily contained therein, to negative the issues raised in the case by an entirely separate and distinct plea. A plea of not guilty puts in issue the breach of duty or wrongful act alleged and this issue cannot be negatived by what is contained in other pleas which confess and undertake to avoid."

Although the court instructed the jury that "The declaration and the defendant's pleas go to make up the issues involved, which you are to decide and the pleadings are not evidence in the cause. They only go to make up the issues which you are to try," it cannot fairly be said this cured the error. It involved the necessity of proof of the primary issue of the cause. As exemplified above, it was continually asserted before the jury throughout the trial that the plea of confession and avoidance did admit petitioner's negligence, otherwise denied by the general issue. The jury was never specifically instructed to the contrary.

Under the rules formerly obtaining here a matter like this could not be reached in review on certiorari because such matters occurred in pais and were evidenced only by the bill of exceptions and were not shown by the record. However, under our present practice, the bill of exceptions becomes a part of the record for the purpose of appellate proceedings (see Paragraph 9 of Rule 11) and, therefore, the record in the Circuit Court disclosed and evidenced the matters complained of.

There has been no change in the scope of the application of certiorari to judgments of the lower appellate court. It has always been necessary that

the Superior Court be able to determine from the face of the record whether the inferior court has exceeded its jurisdiction or has not proceeded according to the essential requirements of the law, or has violated established principles of law, or that the judgment of the lower appellate court in reversing or affirming a judgment on appeal to it is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioner, or that the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law which have resulted in prejudice and material harm to the petitioner. See Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 Sou. 483, 140 Sou. 218 and cases there cited.

Confusion, if there be any confusion, has resulted not by any change in the opinions and judgments of this Court, but because of the change in the rule by which bills of exceptions become a part of the record for the purposes of appellate proceedings. The result of this change was and is that irregularities evidenced by the bill of exceptions may now be reviewed on certiorari the same as irregularities shown or evidenced by any other part of the record may be reviewed.

It is readily apparent that when we apply the rule expressed in Ulsch v. Mountain City Mill Co., supra, to the record in this case, we find that in the matter complained of, as evidenced by the record, "the Circuit Court in the exercise of its appellate jurisdiction . . . did not proceed according to the essential requirements of the law" and "violated established principles of law."

Nothing said herein and nothing contained in the opinion in the case of Ulsch v. Mountain City Mill Co., supra, is contrary to what was held in J. T. & K. W. Ry. v. Boy, 34 Fla. 389, 16 Sou. 290, and Malone v. City of Quincy, 66 Fla. 52, 62 Sou. 922, An. Cas. 1914D, 212.

For these reasons, the departure from the essential requirements of the law requires that the judgment be quashed.

The writ of certiorari is granted and the judgment below is quashed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN and THOMAS, JJ., concur.
ADAMS, J., dissents.

ADAMS, J., dissenting:

I do not think there is a departure from the essential requirements of law. See J. T. & K. W. Ry. v. Boy, 34 Fla. 389, 16 So. 290 and Malone v. Quincy, 66 Fla. 52, 62 Sou. 922 Ann. Cas. 1914D 212.