60 So.2d 745 (1952)
LITHGOW FUNERAL CENTERS et al.
v.
LOFTIN et al.
Supreme Court of Florida, Special Division B.
October 17, 1952.
*746 Dixon, DeJarnette & Bradford, Miami, for appellant.
Robert H. Anderson, William S. Frates, Miami, and Russell L. Frink, Jacksonville, for appellee.
FUTCH, Associate Justice.
This is an appeal in a personal injury suit wherein the jury rendered a verdict for the defendant below. The appeal is from the judgment entered on the verdict.
Appellant lays stress on a charge given by the Court below (he says it was given at the request of appellee, but the record fails to show any request for any charge or charges, either by appellant or appellee, and the index does not at any place reveal where any charge or charges may be found. A duty evolves upon the attorneys for both appellant and appellee to see to it that a record is sent here which can be used with a minimum of time loss. This record is not so compiled or indexed). The charge complained of is as follows: "I instruct you further, Gentlemen, that the plaintiff has offered no evidence that contradicts the positive testimony that the train blew its whistle as it approached the crossing." (R. 285).
Mrs. Morrison, a witness for plaintiff (Tr. 68-86) lived in fear of this particular crossing and had good reason to listen and observe at the time of this accident. Her daughter had just left with a friend on a trip which took her over this particular crossing. To discount Mrs. Morrison's testimony counsel for appellee offer gratuitous information in the form of a rectangular drawing purporting to show measured distances and a statement that Mrs. Morrison is also suing the railroad. (Appellee's brief p. 10).
No testimony could be more positive that no whistle was sounded than was the testimony of Mrs. Morrison and her daughter, Mrs. Sanders.
Trial courts in Florida are not permitted to comment upon the evidence when instructing a jury. The evidence is for the jury to evaluate and apply, unless the evidence is so one-sided as to call for an instructed verdict by the Court.
F.S. 1952, Section 54.17, F.S.A., is as follows:
Court's charge to jury; direction of verdict
"(1) Upon the trial of all cases at law in the several courts of this state, the judge presiding at such trials shall charge the jury only upon the law of the case; that is, upon some point or points of law arising in the trial of said cause. If, however, after all the evidence shall have been submitted on behalf of the plaintiff in any civil case, it be apparent to the judge that no evidence has been submitted upon which the jury could lawfully find a verdict for the plaintiff in such civil case, the judge shall, upon motion of the defendant, direct the jury to find a verdict for the defendant; and if, after all the evidence of the parties shall have been submitted, it be apparent to the judge that no sufficient evidence has been submitted upon which the jury could legally find a verdict for one party, the judge may direct the jury to find a verdict for the opposite party.
"(2) At the trial of any civil action or proceeding at law in the courts of this state, the judge presiding shall charge the jury on the law of the case in the trial at the conclusion of the argument of counsel."
Decisions supporting the foregiong conclusions are too numerous to repeat here. See Vol. 7, Enc. Digest of Florida Reports, p. 527, Sec. 32.
*747 The charge complained of was clearly erroneous and harmful to appellant's cause.
Appellant further complains of undue stress on one important phase of the case by frequent repetition thereof by the Court in its instructions to the jury. There is no reason for saying the same thing more than once except for the purpose of adding emphasis to the statement. This Court has criticised such undue emphasis in a number of cases. See Biscayne Beach Theatre v. Hill, 151 Fla. 1, 9 So.2d 109; Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 So. 233; Jacksonville Electric Co. v. Adams, 50 Fla. 429, 39 So. 183. There was undue repetition of and hence too much emphasis placed on the duty of the ambulance driver.
Appellant's third question challenges the action of the Court below in refusing to give further instructions on a specific question in the case. The action of the trial Judge was within his discretion and we can not say that he abused his discretion when he declined to re-instruct on one particular phase of the case.
The instruction complained of by appellant in its fourth question is as follows: "If you find from the evidence that the driver knew of the approach of the train, but that, notwithstanding, he failed to have his ambulance under control so as to enable him to stop it and avoid injury, then such conduct on his part constituted negligence, and, under the circumstances and if it was the sole cause of the accident, then your verdict should find the railroad not guilty."
This instruction, we think, was erroneous and was so worded as to mislead and confuse the jury and there is no evidence in the record to which the charge could apply.
For the reasons given, the judgment of the lower Court is reversed with instructions to grant a new trial.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.