SHANNON, Judge.
The appellant, Edwin L. Matthews, appeals from a judgment of the lower court granting defendants a new trial in an action for damages for personal injuries. The verdict was for $63,000.00.
The appellant makes two points on this appeal: 1) Whether the trial court erred in granting a new trial on the ground that the statement in closing argument viewed in the light of all of the surrounding circumstances, was so prejudicial and inflammatory as to pervade the entire trial. 2) Whether the trial court erred in granting a new trial on the ground that the jury’s verdict was excessive and a result of passion and prejudice.
In argument the plaintiff’s counsel stated, in part:
“Gentlemen, you can see the beauty of the jury system and it is a very satisfactory system. It is like a coin. I will tell you one side and Mr. Kinney tells you the other. Perhaps, between both of these, all of the truth is there. But, I think Mr. Kinney has done a delightful job of putting a couple of red herrings in the case, which won’t stand up. And by that, I mean this: He would like to blame — I see this case after case after case. The defense lawyer has a hot potato, you see, real hot potato sitting right there *216 in his lap, and he wants to get rid of it. So, he peels it this way or that way. Mr. Kinney is doing his best here to blame Mr. Matthews’ problems on, first of all, the chiropractor. Let’s blame the chiropractor. The chiropractor saw Mr. Matthews two days, ten minutes a day, and manipulated his neck. Let’s shift all of it. St. Petersburg Automobile Auction clobbered him in the rear end out there. Let’s shift it over to the chiropractor in New Orleans. Let’s see if this will hold water.
“The Court is going to read you a rule of law. Here is where the law stands up and is counted. The Court is going to read you a rule of law that says that this chiropractor business is no defense at all in this case. No defense at all in this case. If Mr. Matthews thought that he was going to get good care and treatment and he went to the chiropractor as a grown man and he thought the chiropractor was going to give him good care — in other words, they can’t hide behind mere speculation that the chiropractor did this. That is a phony issue. That is a red herring and the law just steps right up there and just squashes it good. So, you can’t pass the buck under the law now in this case to the chiropractor.
“The Judge will read you this thing, that this doesn’t help the defendant at all. Now, if any of you folks are concerned about the chiropractor and the legal points, ask the Judge to read it to you again, so that you can make your decision on the law. The chiropractor is a phony defense, and the law says so, and if you don’t believe me, you ask Judge Smith. He will read it to you, because he told me so, about ten minutes ago in his Chambers.” (Emphasis added.)
This portion of the argument was objected to by counsel for defendants, and this comment was made by the court:
“I don’t believe it is serious enough to warrant the granting of a mistrial, but I want to caution you, Mr. Spence, not to have any more of this, and let’s not have any more of this and let’s have more light and less heat, shall we say.”
When it is implied that the judge had more or less departed from his position of neutrality and implied that he had a private conference with plaintiff’s attorney, it is manifestly unfair. In his brief the appellant takes the position that it was error to grant a new trial and states in his brief that:
“The statement involved, viewed in this context, was not an improper comment because the jury at the time the comment was made, knew that counsel along with the other lawyers in the case, had just come from a conference with the judge. Under the circumstances, there could be no improper inference drawn by the jury. Indeed, counsel’s statement fairly read, meant only that the judge had indicated he would give a certain charge — and indeed the trial court had so indicated in conference — and did give the required charge.
“Moreover, plaintiff’s counsel himself, cured and eradicated any slight harm — assuming that there was any harm, which there was not — resulting from the statement where he said:
“ ‘Folks, if I have offended any of you I apologize, and I will try my best to lay this matter down by the law. Now, I would say this to you. If you have any doubt in your mind, if you will just ask the Court to read you the rule of law. * * *
The trial court below in its order cited several cases as authority for its action. The appellees cite additional cases. One of these cases was Atz v. Andrews, 1922, 84 Fla. 43, 94 So. 329, where a judgment of conviction was quashed in an intoxicating liquor case where the prosecuting *217 attorney in closing argument improperly stated that he was not only satisfied, but knew that the liquor in question was intoxicating. Another was Mallory v. Edgar, 1937, 128 Fla. 812, 175 So. 863, in which plaintiff’s judgment was reversed for a new trial on the grounds of improper remarks of counsel directed to ■opposing counsel. Also, the case of Biscayne Beach Theatre, Inc. v. Hill, 1942, 151 Fla. 1, 9 So.2d 109, in which a judgment for plaintiff was quashed where plaintiff’s counsel during trial improperly made mis-statements concerning the status of the pleadings to the jury. Another ■case treated in appellees’ brief is the case of Bullock v. Branch, Fla.App.1961, 130 So.2d 74, in which the case of State ex rel. Davis v. Parks, 1939, 141 Fla. 516, 194 So. 613, is cited, wherein the court ■observed that while the test of disqualification is whether the judge is prejudiced against an attorney’s client, the prejudice -of a judge against a lawyer may be of ■such a degree as to reflect upon the client’s interests. The appellees’ brief goes on to state that the jury verdict in the case here amply shows the prejudice aroused by plaintiff’s attorney’s statement.
The trial court in its order on the motion for new trial had this to say in regard to this portion of the attorney’s final argument:
“It matters not that no such statements were made by the Court or that defense counsel failed to request a special instruction on them. The jury, under our system of jurisprudence, considers the trial judge as one presiding from a position of absolute impartiality, and any indication, even, in the slightest degree, that the judge has departed from this position, and has become a champion of any litigant, is fatal. * * * This Court would be the first to grant such rights and the last to deny them. One thing he may never do, i. e., tell the jury the Court is on his side of the case. Perhaps Mr. Spence did not intend to do so, but when he said, in effect, ‘Judge Smith told me this is a phony defense’, he departed from the circle of legitimate comment and brought himself into that realm of reversible error.”
This court must concur in the trial judge’s statement and hold with the lower court that a new trial is proper.
Affirmed.
ALLEN, C. J., and HOBSON, J., concur.