197 So.2d 43 (1967)
H.A. VANN, Clerk of the Superior Court of Thomas County, Administrator of the Estate of William G. McCann, Appellant,
v.
Johanna HOBBS, Appellee.
No. 6839.
District Court of Appeal of Florida. Second District.
March 22, 1967.
Rehearing Denied April 21, 1967.
*44 Alton G. Pitts, of Maguire, Voorhis & Wells, Orlando, for appellant.
E.B. Rood, and J.A. McClain, Jr., of McClain, Thompson, Turbiville, White & Davis, Tampa, for appellee.
SHANNON, Judge.
Appellant, defendant below, brings this appeal from a final judgment in the sum of $100,000.00 entered pursuant to a jury verdict in favor of appellee, plaintiff below.
Plaintiff brought a law action against defendant, as the administrator of the estate of William McCann, for damages allegedly suffered by the wrongful death of her husband.
Plaintiff's husband and McCann were traveling in the same automobile and were killed in a collision with a truck. The physical evidence at the scene indicated that the car had been in the truck's lane of travel when the accident occurred. Plaintiff's husband owned the automobile, but apparently (and the jury found it as a fact) McCann was driving at the time of the accident. Both men were killed.
Plaintiff then brought an action against defendant, the administrator of McCann's estate, and against the driver (George Franklin Cagle) and the owner (R.E. Cagle) of the truck. Plaintiff's original complaint and amended complaint alleged that McCann was guilty of gross negligence and that the Cagles were guilty of ordinary *45 negligence. The acts of gross negligence on the part of McCann as alleged in plaintiff's first complaint and in her amended complaint were that McCann was operating the car during the night time while he was under the influence of intoxicants, driving at a high rate of speed and on the wrong side of the road. Defendant-administrator raised as a defense in his answer the contributory negligence of plaintiff's husband.
Some time later summary judgment eliminated the Cagles as defendants, leaving only the defendant-administrator as party defendant.
At the pretrial conference the plaintiff asked permission to amend her pleadings so as to allege a count in simple negligence against the defendant. This permission was granted. Thereafter plaintiff filed a pleading entitled amendment to complaint, which stated that a paragraph was going to be "added" to the complaint.
At the beginning of the trial plaintiff's counsel stated that this was a mistake and that the complaint was supposed to be amended so as to substitute a paragraph of simple negligence for the paragraph of gross negligence. Plaintiff's counsel said that he was going to rely only on the simple negligence.
During the course of the trial defendant's counsel attempted to have the dismissed portion of the complaint read to the jury, but the trial judge said he wouldn't allow this to be done. The jury returned a verdict for plaintiff and defendant filed this appeal.
The pleadings in a cause, under the Florida Rules of Civil Procedure, are merely a tentative outline of the position which the pleader takes before the case is fully developed on the facts through discovery and evidence introduced at the trial. A plaintiff may "state as many separate claims * * * as he has, regardless of consistency * * *." Florida Rules of Civil Procedure, Rule 1.8(g), 30 F.S.A. In several instances the Florida Supreme Court has held that inconsistent positions taken by a party through the pleadings he files in an action may not be used by an opposing party as proof of an issue. Biscayne Beach Theatre, Inc. v. Hill, 1942, 151 Fla. 1, 9 So.2d 109; and Dowling v. Nicholson, 1931, 101 Fla. 672, 135 So. 288.
Admissions made in the complaint and answer, upon which issue is finally joined, are accepted as facts without the necessity of supporting evidence. The litigants are bound by these admissions. However, they are not bound by admissions made in preliminary pleadings that have been successfully attacked by the opposing party, nor by admissions made in one of several separate and inconsistent defenses. See Olin's, Inc. v. Avis Rental Car System of Florida, Inc., Fla. 1958, 104 So.2d 508.
As stated by Judge Wigginton in Hines v. Trager Construction Co., Fla.App. 1966, 188 So.2d 826, at 830:
"Under the form of pleading permitted by the rule [Rule 1.8(g), Florida Rules of Civil Procedure], the pleader may seek relief on causes of action asserted under any one or more different theories of law, each of which depend upon the establishment of facts which may be materially different from and inconsistent with those supporting the alternative claims based upon the other theories of law * * *. It is not infrequent for pleadings to be filed before the pleader knows with any degree of certainty what facts he will ultimately be able to prove, or what the real issues will be on which the case will be decided. Such form of pleading permits the pleader maximum freedom in the development of his case, and permits his claim for relief or defense to be adjudicated on facts which are developed by discovery and evidence introduced at the trial rather than on the pleadings filed in the cause. The salutary purpose of the rule would be emasculated if not completely destroyed if the allegations of fact contained in an alternative and inconsistent statement of a cause of action or defense could be used in evidence *46 against the pleader as proof of the facts alleged in such pleading. * * *"
In our opinion the trial judge was correct in refusing to allow the dismissed portion of the complaint to be read to the jury, especially in view of the fact that the defendant in his answer had denied the allegations of this portion of plaintiff's complaint. Therefore, the judgment appealed from is affirmed.
Affirmed.
ALLEN, C.J., and ADKINS, JAMES C., Jr., Associate Judge, concur.