321 So.2d 116 (1975)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellants,
v.
Joseph William GUTHRIE, and Laura Guthrie, As Mother and Natural Guardian of Joseph William Guthrie, Appellees.
No. 74-1754.
District Court of Appeal of Florida, Third District.
October 28, 1975.
*117 Talburt, Kubicki & Bradley, and Robert Dickman, Jeanne Heyward, Miami, for appellants.
Iva W. Kay, Jr., Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendants appeal an order granting a new trial for the reason that the conduct of defense counsel prejudiced the jury against the plaintiffs.
On August 9, 1971, minor plaintiff Joseph Guthrie while in his vehicle, stopped in traffic, was struck from behind by an automobile operated by Antonio Varona and owned by Oscar Varona. Having sustained a neck injury as a result thereof, Joseph and his mother, Laura Guthrie, filed suit against the Varonas and their liability insurer, State Farm Mutual Automobile Insurance Company. During the trial a directed verdict on the issue of liability was entered against the defendants and the cause proceeded to be tried on the issue of damages. The jury returned a verdict in favor of Joseph Guthrie for $2,000 and in favor of Laura Guthrie for $500. After final judgment was entered, plaintiffs filed a motion for new trial on the grounds that defense counsel's comments during trial were prejudicial to plaintiffs. The order granting the motion reads in pertinent part:
"That the Court permitted Defense Counsel in opening statement and throughout the trial to refer to numerous accidents that the Plaintiff had allegedly been involved in. The Court permitted this over objection of Plaintiffs' Counsel based upon the representation of Defense Counsel that the aforementioned accidents were similar in nature to the accident which is the subject matter of this suit and that they involved similar injuries to those the Plaintiff complained of in this cause.
"It is the finding of the Court that in fact the aforementioned accidents were not similar in nature and further that they did not involve similar injuries to those of which the Plaintiff complained in the subject case; and that the effect of the above was to so prejudice the jury against the Plaintiffs so as to prevent a fair and impartial trial for the Plaintiffs; that the conduct of the Defense Counsel during the course of the entire trial was such that it prejudiced the jury against the Plaintiffs; that Defense Counsel repeatedly refused to heed rulings and admonishments by the Court all of which had the effect of prejudicing the jury against the Plaintiffs; that despite admonishments by the Court, Defense Counsel's comments and conduct during final argument were prejudicial to the Plaintiff; that the jury's verdict reflected passion and prejudice against the Plaintiffs and was so inadequate as to shock the Judicial conscience of the Court."
Appellants contend the trial court erred in entering the above order where the verdict was supported by the manifest weight of the evidence, no improper evidence was introduced at trial, and defense counsel did not engage in prejudicial remarks during final argument.
With regard to defense counsel's reference to other accidents in which minor plaintiff had been involved, the record demonstrates that in opening argument plaintiffs' counsel advised the jury thereof and the trial judge instructed the jury to disregard defense counsel's references to these accidents whenever he determined the references were improper. Thus, no substantial harm appears to have resulted therefrom.
As to the improper statement of defense counsel in his closing argument, it is well established that these statements will not result in mistrial, reversal or a new trial unless closing argument is highly *118 prejudicial and inflammatory. Decks, Inc. v. Nunez, Fla.App. 1974, 299 So.2d 165, 167 and cases cited therein. We do not find defense counsel's statement to be so inflammatory and highly prejudicial as to require a new trial. Cf. Metropolitan Dade County v. Dillon, Fla.App. 1974, 305 So.2d 36.
The trial judge having rendered curative instructions to the jury with regards to the improper reference to prior accidents and statements in closing argument made by defense counsel and, in addition, there being no finding that the verdict was against the manifest weight of the evidence, we are impelled to hold that the trial judge overstepped the bounds of his broad discretion.
The order granting a new trial as to damages is set aside and the cause remanded to the trial court with directions to reinstate the final judgment entered in accordance with the jury's verdict.
It is so ordered.