405 So.2d 222 (1981)
FORD REALTY, INC., a Florida Corporation, Appellant,
v.
LANE WOOD, INC., Jim Kay Homes, Inc., and Ford Developments, Inc., Appellees.
No. 80-1999.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Rehearing Denied November 16, 1981.
Leonard H. Rubin, Miami, for appellant.
Dubbin, Schiff, Berkman & Dubbin and Evan Langbein, Miami, for appellees.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
Appellant entered into an exclusive real estate brokerage contract with the appellee, *223 Ford Developments, Inc. (a wholly owned subsidiary of Jim Kay Homes, Inc., which was owned 100% by Lane Wood, Inc.)
By its terms, the contract was to expire on the 30th day of April, 1977. It contained a paragraph permitting premature termination upon a finding by a committee that the appellant's services were unsatisfactory.[1] Pursuant to this provision, a committee was created and the appellant's contract was terminated, allegedly for unsatisfactory performance, on the 18th day of March, 1975. The appellant then brought an action to recover compensatory damages for the breach of the employment agreement, and punitive damages alleging a fraudulent conspiracy to cause its termination as the exclusive sales agent. After an amended complaint had been filed, the trial court granted a summary judgment for all the defendants. We reverse.
On the contract action as against Ford Developments, Inc., the only party other than the appellant to the exclusive brokerage agreement, it was an issue of fact to be determined as to whether or not the appellant had failed to satisfactorily perform under the agreement which would permit the committee to terminate the agreement for cause. Snyder v. Cheezem Development Corp., 373 So.2d 719 (Fla.2d DCA 1979); Wills v. Sears, Roebuck and Company, 351 So.2d 29 (Fla. 1977); Mejiah v. Rodriguez, 342 So.2d 1066 (Fla.3d DCA 1977); Connell v. Sledge, 306 So.2d 194 (Fla. 1st DCA 1975); McClendon v. Key, 209 So.2d 273 (Fla. 4th DCA 1968); Holl v. Talcott, 191 So.2d 40 (Fla. 1966).
The amended complaint was inartfully drawn and interwove the breach of contract action and the alleged cause of action for tortious conduct among its several paragraphs. It apparently attempts to allege either tortious interference with the business relationship or a conspiracy to fraudulently cause the termination. As to the alleged tort of interference with the contractual relationship, the appellees, Jim Kay Homes, Inc. and Lane Wood, Inc., claim economic privilege, citing Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980); Ethyl Corp. v. Balter, 386 So.2d 1220 (Fla.3d DCA 1980); Nitzberg v. Zalesky, 370 So.2d 389 (Fla.3d DCA 1976). We find this argument unavailable to these appellees because no such defense was pled although it might, in fact, constitute a bar to such a tortious claim. However, the plaintiff also has attempted to allege a conspiracy to cause the wrongful discharge, which would be a different cause of action sounding in tort. Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla. 1977); Margolin v. Morton F. Plant Hospital Association, Inc., 342 So.2d 1090 (Fla.2d DCA 1977); Snipes v. West Flagler Kennel Club, Inc., 105 So.2d 164 (Fla. 1958).
Therefore, we reverse the summary judgment as to all defendants and return the matter to the trial court with directions to require the plaintiff to file an amended complaint within a set number of days,[2] setting out its breach of contract claims and tortious claims in separate counts, and thereafter to receive such responsive pleadings from the defendants in the trial court as they may be advised.
This opinion is not to be construed as preventing the trial court, upon further appropriate proceedings, from entertaining additional motions for summary judgment.
Reversed and remanded, with directions.
NOTES
[1] "10. Termination. This Agreement may be terminated during the term hereof as follows:

... .
(c) In the event that Realty does not satisfactorily perform its duties and render its services to Developments as outlined above, then this Agreement may be terminated by Developments based on the majority decision of a committee composed of five (5) members, two of whom are appointed by Realty, two of whom by Jim Kay Homes, Inc. and David L. Rozen."
[2] Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1963); Roberts v. Braynon, 90 So.2d 623 (Fla. 1956).