GLICKSTEIN, Judge.
This is an appeal from an order which denied the creditor/appellant attorney’s fees in an action brought by the creditor in Florida against its debtor. We reverse and remand for proceedings consistent herewith.
In its complaint, the creditor alleged that it was the owner and holder of a valid foreign judgment against its debtor in the sum of $13,788.15. It also alleged:
5. TRUDE has contracted with HEI-NOLD to pay “the interest and service charges ... together with HEINOLD’S costs and attorney’s fees incurred in collecting” this debt. (Exhibit B, paragraph 3).
A copy of the agreement between the parties was attached to the complaint as Exhibit B. Paragraph 3 provided, in part:
Customer shall pay Heinold (1) the applicable initial, maintenance and variation margin requirements and brokerage and commission charges in effect from time to time, (2) premium, mark-up, foreign service fees, if any, exercise fees, if any, and any additional fees described in the Disclosure Statements) on any options transaction, (3) the amount of any loss that may result from transactions by Heinold on Customer’s behalf, and (4) the interest and service charges on any Customer deficit balances at the rates customarily charged by Heinold, together with Heinold’s costs and attorney’s fees incurred in collecting any such deficit. Such payments shall be made to Heinold at 222 South Riverside Plaza, Chicago, Illinois 60606.
*1328 The defendant, in his answer, omitted any reference to paragraph 5 of the complaint, the effect of which was to admit it and render proof unnecessary. See Fla.R. Civ.P. 1.110(e) and Vann v. Hobbs, 197 So.2d 43, 45 (Fla. 2d DCA 1967).
The trial judge who granted the creditor’s motion for judgment on the pleadings and reserved jurisdiction to award attorney’s fees was not the trial judge who later denied such award, saying:
The Plaintiff has now moved the Court to award attorney’s fees and costs, basing its claim for attorney’s fees on the customer agreement attached to the original complaint. Since a Final Judgment has already been entered on the original Complaint in which attorney’s fees were not awarded and the customer agreement has never been proven to have been executed by Mr. Trude, the Motion for Attorney’s Fees is denied.
There has been no appellee’s brief filed herein which might provide any support for the trial court’s action. In our view, the pleadings were closed on the subject and the creditor was not required to prove the debtor’s execution of the agreement in light of the admitted allegation.
WALDEN, J., concurs.
STONE, J., dissents without opinion.