609 So.2d 103 (1992)
ANDROS WEST, INC., a Florida Corporation, d/b/a Marker 88 Restaurant, Appellant,
v.
Luella LAPOINTE, Appellee.
No. 92-499.
District Court of Appeal of Florida, Third District.
November 24, 1992.
Richard A. Sherman and Rosemary B. Wilder, Pomeroy, Pomeroy & Beauchamp and Gregg J. Pomeroy, Fort Lauderdale, for appellant.
Hoppe, Backmeyer & Stokes and Bill Hoppe, Miami, for appellee.
Before SCHWARTZ, C.J., NESBITT and GODERICH, JJ.
PER CURIAM.
The defendant below, Andros West, Inc., a Florida corporation, d/b/a Marker 88 Restaurant, appeals from the trial court's *104 order granting the plaintiff's motion for new trial. We reverse.
The trial court granted the motion for new trial based on several remarks made by the defense counsel during closing argument. "A motion for new trial is directed to the sound, broad discretion of the trial judge and his ruling thereon should not be disturbed absent a clear showing of abuse." Keith v. Russell T. Bundy & Assocs. Inc., 495 So.2d 1223, 1225 (Fla. 5th DCA 1986). See also, Sosa v. Knight-Ridder Newspapers, Inc., 435 So.2d 821, 825 (Fla. 1983).
In the instant case, we find that there is a clear showing that the trial court abused its discretion. First, the unobjected to remarks were not of a highly prejudicial or inflammatory nature that would warrant the granting of a new trial. See Sun Supermarkets, Inc. v. Fields, 568 So.2d 480 (Fla. 3d DCA 1990), rev. denied, 581 So.2d 164 (Fla. 1991); State Farm Mut. Auto. Ins. Co. v. Guthrie, 321 So.2d 116 (Fla. 3d DCA 1975); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla. 1975). Secondly, we find that the remarks were fair comments on the evidence. See Griffith v. Shamrock Village, Inc., 94 So.2d 854 (Fla. 1957); Honda Motor Co., Ltd. v. Marcus, 440 So.2d 373, 376 (Fla. 3d DCA 1983), review dismissed, 447 So.2d 886 (Fla. 1984).
Accordingly, we reverse.