PER CURIAM.
This is an appeal from a jury verdict and an award of damages in favor of Ann Linden for injuries she suffered from falling numerous times while a resident of Villa Biscaya, an adult congregate living facility. The jury also found that Villa Biscaya and Verna P. Reizen violated the Adult Congregate Living Facilities Act, sections 400.401-.454. Florida Statutes (1993). We affirm.
Appellants raise two issues which merit a brief analysis. We find that the comments made by Ms. Linden’s trial counsel during the course of his closing argument were not, in context, so egregious as to be prejudicial. The transcript of the closing argument reflects that most of the comments were made as a response to arguments made earlier by the appellants’ trial counsel. The unobjected to comments were not of a highly prejudicial or inflammatory nature that would warrant a new trial. Andros West, Inc. v. Lapointe, 609 So.2d 103 (Fla. 3d DCA 1992); see also Parker v. State, 641 So.2d 369, 371 (Fla.1994) (no abuse of discretion in ruling that unobjected to statement was fair comment, perhaps invited by the closing ar *1081 gument of other side), cert, denied — U.S. —, 115 S.Ct. 944, 130 L.Edüd 888 (1995).[1]
The second issue raised by appellants concerns the amount of damages awarded to Ms. Linden. The jury awarded $250,000 in past damages and $400,000 in future damages for the injuries caused by the numerous falls. Although the amount awarded to this elderly woman was large, we cannot say that it was so out of proportion to the permanent injuries sustained by Linden that it shocks the conscience of this court and warrants reversal. Scandinavian World Cruises (Bahamas), Ltd. v. Cronin, 509 So.2d 1277, 1280 (Fla. 3d DCA 1987) (stating that unless award “shock[s] the judicial conscience,” the amount of damages is solely for the jury to decide) (quoting Warner v. Ware, 136 Fla. 466, 477, 182 So. 605, 610 (1938)).
The third issue raised by appellants, the failure of the trial court to grant a directed verdict on the issue of negligence, is without merit.
Affirmed.

. On the one comment by Linden’s trial counsel which was objected to, the trial court sustained the objection and gave a curative instruction.