673 So.2d 578 (1996)
Antonio CARDET and Araceli Cardet, Appellants,
v.
Fernando RODRIGUEZ, Appellee.
No. 95-2858.
District Court of Appeal of Florida, Third District.
May 22, 1996.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellants.
James M. Fishman, Miami, for appellee.
Before COPE, GODERICH and GREEN, JJ.
PER CURIAM.
Appellants appeal an adverse summary judgment entered in favor of appellee on his action brought pursuant to section 71.011, Florida Statutes (1993) for the reestablishment of a purportedly "lost" promissory note. We reverse and find that the trial court erred in granting summary judgment on this record where appellee has failed to conclusively demonstrate that the note was "lost" and not otherwise pledged or utilized as security for a bank loan by appellee.
We reach this conclusion because in his deposition, appellee Rodriguez testified that he did not know where the original note was. He stated, "I think we went to a bank to negotiate this and [it] must be at the bank. I'm not sure." He said "I can't tell you whether the bank kept it...." He explained that there were two banks which might have the original note, Barnett Bank and Hamilton Bank.
Rodriguez filed an affidavit in support of summary judgment stating that he was unable to find the original document, but that he had not sold or pledged it. Rodriguez did not file an affidavit from Barnett Bank and Hamilton Bank, however, or other appropriate evidentiary material indicating that the two banks had searched their records for the original note and did not have it. Since Rodriguez had specifically stated in his deposition that the original note may have been left with one or the other of the two specifically identified banks, for summary judgment purposes affidavits or other appropriate evidentiary matters should have been filed establishing that the two banks did not have the original note.
Our decision, however, is without prejudice to appellee to renew his motion for summary *579 judgment upon an appropriate showing in the record.
Reverse.