697 So.2d 164 (1997)
REPUBLIC NATIONAL BANK, Appellant/Cross-Appellee,
v.
Guillermo Rincon ARAUJO, Appellee/Cross-Appellant.
Nos. 96-1729, 96-1943.
District Court of Appeal of Florida, Third District.
June 11, 1997.
Rehearing Denied August 13, 1997.
*165 Krongold, Bass and Todd, P.A. and Paul H. Bass, Coral Gables, for appellant.
Margulies & Rones, P.A. and Victor K. Rones, North Miami Beach, for appellee.
Before LEVY, GERSTEN and GREEN, JJ.
PER CURIAM.
Republic National Bank ("Republic") appeals an adverse final judgment for breach of fiduciary duty entered after a jury trial, as well as the order denying its post-trial motions for directed verdict, judgment notwithstanding the verdict, and for new trial. Guillermo Rincon Araujo cross-appeals the trial court's order striking his claim for attorney's fees pursuant to section 737.627, Florida Statutes (1993). We affirm the issues on the main appeal and reverse the order challenged on the cross-appeal.
Republic first asserts on this appeal that the trial court erred in not granting its motion for summary judgment on the breach of fiduciary count where it was authorized by the terms of its trust agreement with Araujo to invest his money into the foreign certificates of deposit at issue, and where any *166 losses sustained thereby were the result of currency fluctuations rather than any impropriety on the part of Republic. We disagree.
It is clear from the pleadings that the basis for this action against Republic was not solely confined to Republic's initial decision to invest Araujo's funds into these particular foreign certificates of deposit. Araujo further claimed that Republic failed to properly monitor these investments as required by Republic's internal policies to prevent or minimize the claimed losses. The question of Republic's failure to properly monitor the investments was properly one for the jury rather than the court on a motion for summary judgment. See Lees v. Pierce, 648 So.2d 839, 840-41 (Fla. 5th DCA 1995); Ford Realty, Inc. v. Lane Wood, Inc., 405 So.2d 222, 223 (Fla. 3d DCA 1981); Space Distribs., Inc. v. Flagship Bank, 402 So.2d 586, 589 (Fla. 5th DCA 1981); DeCarlo v. Sammons, 375 So.2d 351, 351 (Fla. 3d DCA 1979). Hence, the trial court's denial of this motion was not error.
We further find no error with the trial court's denial of Republic's post-trial motions (i.e., motion for directed verdict, motion for judgment notwithstanding the verdict, and motion for new trial) which were predicated upon, among other things, Republic's arguments that Araujo's action was barred by the economic loss rule; the trial court improperly refused to give one of its requested jury instructions; and Araujo's counsel made certain improper prejudicial arguments to the jury during closing arguments.
First of all, we find that Republic's economic loss rule argument was effectively waived where it was not timely raised in Republic's answer or affirmative defenses and only argued for the first time during the post trial motions. See Langford v. McCormick, 552 So.2d 964, 967 (Fla. 1st DCA 1989), review denied, 562 So.2d 346 (Fla.1990); Tallahassee Memorial Regional Medical Ctr., Inc. v. Meeks, 543 So.2d 770, 775-76 (Fla. 1st DCA 1989); Kersey v. City of Riviera Beach, 337 So.2d 995, 997 (Fla. 4th DCA 1976); De Guido v. De Guido, 308 So.2d 609, 611 (Fla. 3d DCA 1975); Gordon Int'l Advertising, Inc. v. Charlotte County Land & Title Co., 170 So.2d 59, 60 (Fla. 3d DCA 1965). We next find no error with the trial court's refusal to give one of Republic's requested jury instructions where it was duplicative of another instruction given. See Florida Power & Light Co. v. Robinson, 68 So.2d 406, 413 (Fla.1953); Lithgow Funeral Ctrs. v. Loftin, 60 So.2d 745, 747 (Fla.1952); Shaw v. Congress Bldg., Inc., 113 So.2d 245, 247 (Fla. 3d DCA 1959). Finally, we conclude that Republic's issue regarding the purportedly improper closing argument by Araujo's counsel was not properly preserved for appellate review where no objection was lodged by Republic during the trial and we do not otherwise find the argument to rise to the level of fundamental error. See White Constr. Co., Inc. v. Dupont, 455 So.2d 1026, 1030 (Fla. 1984); Americare Retirement Facilities, Ltd. No. 1 v. Linden, 664 So.2d 1080, 1080 (Fla. 3d DCA 1995); Taylor v. Public Health Trust, 546 So.2d 733, 734 (Fla. 3d DCA), review denied, 557 So.2d 867 (Fla.1989); Tobin v. Alfieri Maserati, 513 So.2d 699, 700 (Fla. 3d DCA 1987), review denied, 520 So.2d 586 (Fla.1988); Brumage v. Plummer, 502 So.2d 966, 968-69 (Fla. 3d DCA), review denied, 513 So.2d 1062 (Fla.1987).
As to the cross-appeal, we reverse the trial court's denial of attorney's fees to Araujo pursuant to section 737.627 (1993) which provides that:

In all actions challenging the proper exercise of a trustee's powers, the court shall award taxable costs as in chancery actions, including attorney's fees (emphasis added).
One of the specific statutory powers conferred upon a trustee otherwise limited in the trust agreement is the power to invest and reinvest trust assets in accordance with the provisions of the trust or as provided by law. § 737.402(2)(f), Fla. Stat. (1993). The trial court's denial of attorney's fees to Araujo was apparently premised upon the fact that Republic, as a trustee, was sued in common law for the breach of its trustee's powers rather than for the breach of any of its statutory duties. By its express terms, however, section 737.627 does not limit an award of attorney's fees only to statutory actions brought against trustees under Chapter 737. We therefore reverse and remand *167 this cause to the trial court for determination of a reasonable amount of attorney's fees.
Affirmed in part, reversed and remanded in part.