PER CURIAM.
According to the findings of the trial court in post-dissolution proceedings, the former wife subpoenaed the former husband and two of his former attorneys, seeking to compel production of an original note which had been awarded to the former wife in the final judgment. On its face, the motion to compel production conceded that one of the former attorneys, appellee Sheri Smallwood, did not have the note and she so testified. Because of short notice, Ms. Smallwood was unable to be relieved of the obligation to attend the hearing, fifty miles from her office. The trial court granted monetary sanctions against the *287 former wife and her counsel.[1] The court concluded that there was no reasonable explanation for issuance of the subpoena to Ms. Smallwood. The former wife has appealed.
Because there is no transcript, the trial court findings constitute the established facts of the case. The former wife now suggests that there was a sound reason for issuing the subpoena and taking testimony, namely, that the former wife needed to make a record for her then-pending New York proceeding to reestablish the lost note. See Cardet v. Rodriguez, 673 So.2d 578 (Fla. 3d DCA 1996); 53 Fla. Jur.2d Evidence and Witnesses § 346 (1995). However, the former wife’s motion did not say so, and it was filed as a post-dissolution motion to compel production of the original note, not a Florida evidentiary hearing ancillary to the New York action. More to the point, there is no indication in this record that this argument (or the others advanced on appeal) was made before the trial court. See Ascontec Consulting, Inc. v. Young, 714 So.2d 585, 587 (Fla. 3d DCA 1998); Republic National Bank v. Araujo, 697 So.2d 164, 166 (Fla. 3d DCA 1997).[2]
The former wife argues that there is no authority which supports the award of a monetary sanction in this case, and urges that this claim may be entertained on appeal as a matter of fundamental error, even though not raised in the trial court. So far as the trial court order reveals, the court viewed this case as one in which Ms. Small-wood was subpoenaed on short notice, for no good reason, to attend an evidentiary hearing fifty miles distant. Assuming the point is properly before us, we think Sanchez, 435 So.2d at 350, and the other cases cited in our original affirmance provide authority for the award.[3]
We have not overlooked the fact that as appellee, Ms. Smallwood initially disclaimed reliance on the doctrine of inherent powers and instead sought to defend the sanctions order on other grounds. The fact remains that it is the correctness of the trial court’s ruling that is under review, and based on the trial court’s findings, we perceive no error.
The former wife also requests that this court certify direct conflict with State v. Harwood, 488 So.2d 901 (Fla. 5th DCA 1986), Israel v. Lee, 470 So.2d 861 (Fla. 2d DCA 1985), and Miller v. Colonial Baking Co., 402 So.2d 1365 (Fla. 1st DCA 1981). The former wife reads those cases to say that the trial court has no inherent power to award a monetary sanction, unless explicitly provided for by statute, rule, contract, or incident to a contempt citation. We are not convinced that a head-on conflict actually exists, because none of the cited decisions squarely addresses the doctrine of inherent powers expounded in the line of cases cited in our original affirmance. We would hesitate in any event to certify conflict or a question in view of the lack of transcript and preservation. See Jordan v. State, 728 So.2d 748 (Fla. 3d DCA 1999) (on motion for rehearing and certification); State v. Oisorio, 657 So.2d 4, 5-6 (Fla. 3d DCA 1995), approved on other grounds, 676 So.2d 1363 (Fla.1996).
Rehearing and certification denied.

. Appellate counsel was not trial counsel.

. This and other arguments were advanced by motion for rehearing in the trial court, but the motion was abandoned by the former wife’s filing of the notice of appeal. See Fla. R.App. P. 9.020(h)(3).

.Sanchez was cited in Thaysen v. Thaysen, 583 So.2d 663, 666 (Fla.1991), for the proposition that ”[i]t is improper ... for attorneys to bring unwarranted or frivolous claims.”