468 So.2d 543 (1985)
FLORIDA TELEPHONE CORPORATION, Appellant/Cross-Appellee,
v.
Erwin ESSIG; Norma Essig and Kevin Essig, Appellees/Cross-Appellants.
No. 83-1616.
District Court of Appeal of Florida, Fifth District.
May 16, 1985.
*544 Julian Clarkson and Michael L. Rosen, of Holland & Knight, Tallahassee, Stephen W. Johnson and Stanley E. Marable, of McLin, Burnsed, Marable & Morrison, P.A., Leesburg, for appellant/cross-appellee.
S. Ray Gill and Robert S. Ryder, Ocala, for appellees/cross-appellants.
DAUKSCH, Judge.
This is an appeal and cross-appeal from a judgment for the plaintiffs in an action for tortious interference with a contractual relationship. Because we conclude the lower court erred in failing to direct a verdict in favor of appellant Florida Telephone Corporation, we do not address the other points raised on appeal, or in the cross-appeal.
Florida Telephone Corporation (FTC) hired H.L. Edwards Corporation (Edwards), as general contractor, to splice telephone cable. As was its custom, and the custom in the industry, Edwards subcontracted the cable splicing jobs to various independent cable splicers. Appellees Essig are such independent splicers who subcontracted with Edwards to work on FTC jobs.
The elements of a cause of action for tortious interference with a contractual relationship are:
(1) The existence of a contract,
(2) The defendant's knowledge of the contract,
(3) The defendant's intentional procurement of the contract's breach,
(4) Absence of any justification or privilege,
(5) Damages resulting from the breach.
Sullivan v. Economic Research Properties, 455 So.2d 630 (Fla. 5th DCA 1984); McDonald v. McGowan, 402 So.2d 1197 (Fla. 5th DCA 1981), pet. for rev. dism., 411 So.2d 380 (Fla. 1981); Heavenner, Ogier Services v. R.W. Fla. Region, 418 So.2d 1074 (Fla. 5th DCA 1982); Insurance Field Services v. White and White Inspection, 384 So.2d 303 (Fla. 5th DCA 1980). Accord Tamiami Trail Tours, Inc. v. J.C. Cotton, 463 So.2d 1126 (Fla. 1985) (elements of cause of action for tortious interference with business relationship). In the instant case, FTC was privileged to forbid Edwards from using the Essigs on FTC jobs. Therefore, appellees Essig failed to establish element (4) of their cause of action.
In the contract between FTC and Edwards there was a provision:
(f) The Telephone Company reserves the right to request the Contractor to promptly remove from the job any employee(s) of the Contractor or its sub-contractors who, in the sole opinion of the Telephone Company, is not doing an adequate job or is conducting himself in a manner as to reflect unfavorably upon the Telephone Company, and the Contractor agrees to comply with such requests.
The parties do not contest the validity of this contractual provision. Although the Essigs alleged appellant was motivated by a malicious intent, there was no real evidence of that and even if there was, it is of no legal import. Ethyl Corporation v. Balter, 386 So.2d 1220 (Fla. 3d DCA 1980), pet. for rev. den., 392 So.2d 1371 (Fla. 1981), cert. den., 452 U.S. 955, 101 S.Ct. *545 3099, 69 L.Ed.2d 965 (1981); Wackenhut Corporation v. Maimone, 389 So.2d 656 (Fla. 4th DCA 1980), pet. for rev. den., 411 So.2d 383 (Fla. 1981). The fact that FTC may have acted because one of the Essigs' sons was convicted of theft, or because Erwin Essig took insulators from abandoned telephone poles twenty years ago, or simply because FTC's employees disliked the Essigs, is irrelevant. FTC expressly reserved the right to remove the Essigs, or any cable splicer, from FTC jobs; it was therefore privileged to interfere with their relationship with the H.L. Edwards Corporation, regardless of motive.
The final judgment of the lower court is reversed, and the case is remanded. On remand, the trial court is instructed to enter final judgment in favor of appellant/cross-appellee, Florida Telephone Corporation.
REVERSED and REMANDED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.