PER CURIAM.
The Bank of Credit and Commerce International Overseas, Ltd. [BCCI], appeals from a final judgment granting Machado declaratory relief. Machado appeals from an order of the trial court dismissing with prejudice two counts of an amended counterclaim against BCCI. For the reasons which follow, we affirm.
BCCI had filed a complaint to foreclose its mortgage on a large tract of land in Dade County. BCCI named the mortgagor Free Zone Industrial Park, Ltd., as a defendant. Machado and Perez were also included as defendants because of their asserted interest in two undeveloped lots encompassed by the parcel. Machado filed a counterclaim which was subsequently amended to request specific performance of an agreement with Free Zone for the purchase of the two lots as well as compensatory and punitive damages for BCCI’s intentional interference with Machado’s contract rights. The trial court granted BCCI’s motion to dismiss with prejudice the intentional interference and punitive damages counts of the amended counterclaim.
BCCI successfully foreclosed on the property subject to Machado’s interest therein. The trial court entered the following final judgment:
This cause came on to be considered for trial before the Court on the Plaintiff’s, Bank of Credit and Commerce (BCCI) action to foreclose a mortgage on real estate and the Defendant, Gustavo Machado’s, counterclaim seeking declaratory and other relief. The Court having considered the testimony and documents presented by the parties and admitted into evidence and having further considered the final argument submitted in writing pursuant to the Court’s instructions makes the following findings of fact and conclusions of law:
1. That defendant, Machado, was an important and favored customer of the owner of the Free Zone Industrial Park.
2. Machado had purchased four lots in the park and, on May 7,1981, obtained an option contract on the two lots which are the subject of this action.
3. That Machado validly exercised the option by obtaining a contract for sale and purchase from the mortgagor, Free Zone, on September 28, 1981, prior to the *783 plaintiff, BCCI, acquiring a mortgage lien on said property in February 1983.
4. That BCCI had knowledge of the Machado option contract at the time it closed on its mortgage, as evidenced by the specific exclusion of defendant’s option contract in the Assignment of Borrower’s Interest.[1]
5. Neither the option contract nor the purchase and sale contract lapsed. The option was actually exercised and the contract for purchase and sale was extended in so far [sic] as the closing date was postponed to allow for completion of the developmental work.
6. The agreed to extension was not indefinite but was only until the improvements were made. Therefore, the contract cannot be found unenforceable as an unreasonable restraint on alienation.
7. Machado has paid a total of $41,-000.00 including the initial amount of $30,000.00 paid at the time of the execution of the option contract.
8. The contract required the payment by Machado of a total of $55,000.00 at closing (or $14,000.00 in addition to the sum already paid by Machado).
9. The seller, Free Zone, was to take back a purchase money mortgage in the amount of $255,000.00.
10. The parties (Free Zone and Ma-chado) entered into a supplemental contract whereby Free Zone agreed to and did place fill on the property for the sum of $50,000.00 which was to have been added to the amount of the purchase money note and mortgage for a total of $305,000.00.
11. Machado was at all times ready, willing and able to close the transaction with Free Zone and the parties (Machado and Free Zone) were waiting to finish the developmental work prior to closing the transaction.
12. That Machado has waived any further developmental work on the property and wishes to take title to the property without the need for any further improvements.
13. That BCCI’s mortgage lien is inferior and subordinate to the rights of Machado in the subject property.
14. Machado tendered a note and mortgage to the seller, Free Zone, prior to the plaintiff filing the instant cause of action and Free Zone did not accept the same because plaintiff informed Free Zone it would not release the subject property from its mortgage lien.
A nonjury trial on Machado’s counterclaim was held following BCCI’s foreclosure. The trial court granted Machado specific performance and entered orders detailing the method by which the parties were to resolve payment, proration, and adjustments. Because the record supports the trial court’s disposition of both BCCI’s foreclosure complaint and Machado’s amended counterclaim, we affirm.
BCCI claims that it had no obligation to inquire into Machado’s interest in the parcels where it had recorded its mortgage and Machado had not recorded his interest. We agree with the trial court that BCCI had implied actual notice of Machado’s purchase agreement with Free Zone. The record reveals that BCCI was aware of the original option contract between Free Zone and Machado which formed the basis for the purchase contract. The mortgage agreement between BCCI and Free Zone was drafted by BCCI and included a release provision which contemplated a possible sale of the parcels in order to permit title to pass to Machado. In view of this evidence, the trial court correctly credited BCCI with notice. See Sapp v. Warner, 105 Fla. 245, 141 So. 124, 127 (Fla.1932) (implied actual notice means that party has no right to remain willfully ignorant to avoid acquiring information); Rafkind v. Beer, 426 So.2d 1097 (Fla. 3d DCA 1983) (actual notice of unrecorded instrument may be implied).
*784 We find no merit in Machado’s challenge to the dismissal with prejudice of two counts of the amended counterclaim. Ma-chado failed to state a claim for wrongful interference with a contractual relationship. See Florida Tel. Corp. v. Essig, 468 So.2d 543, 544 (Fla. 5th DCA 1985); Ethyl Corp. v. Balter, 386 So.2d 1220, 1223 (Fla. 3d DCA 1980), rev. denied, 392 So.2d 1371 (Fla.), cert. denied, 452 U.S. 955, 101 S.Ct. 3099, 69 L.Ed.2d 965 (1981). The deficiency of the intentional interference claim compelled the dismissal of the punitive damages claim.
Accordingly, we affirm the judgment of the trial court in all respects.
Affirmed.

. The Court does not accept plaintiffs argument that the exclusion of defendant’s contract indicates that there was no valid contract. It is hard to understand why the parties would bother to specifically except a contract which they thought had no validity. At the least, the reference to defendant’s option contract should have alerted plaintiff to the existence of defendant’s interest in the subject property.