681 So.2d 859 (1996)
Edelmiro CINTRON and Elizabeth Cintron, etc., Appellants,
v.
OSMOSE WOOD PRESERVING, INC., etc., et al., Appellees.
No. 96-0335.
District Court of Appeal of Florida, Fifth District.
October 18, 1996.
*860 Russell Troutman and Joseph H. Williams of Troutman, Williams, Irvin, Green & Helms, PA., Winter Park, for Appellants.
John R. Dixon of Barr, Murman, Tonelli, Herzfeld & Rubin, Tampa, for Appellee Osmose Wood Preserving, Inc.
Robert W. Anthony and John Taylor of Warlick, Fassett & Anthony, P.A., Orlando, for Appellee Lennar Homes, Inc.
ANTOON, Judge.
We have for review the trial court's final order dismissing with prejudice the personal injury lawsuit instituted by appellants Edelmiro and Elizabeth Cintron. Because the Cintrons' complaint sets forth cognizable causes of action for strict liability and negligence, we must reverse the dismissal order and remand for further proceedings.
In 1987, Lennar Homes, Inc. (Lennar), constructed a townhouse. The construction included roof sheathing consisting of Flameproof LHC plywood. The plywood, impregnated with a chemical flame retardant, was alleged to have been manufactured and distributed by Osmose Wood Preserving, Inc. (Osmose). In 1992, Edelmiro Cintron was working on the roof of the townhouse when the roof sheathing failed, causing him to fall through the roof and attic. After falling some thirty feet, he landed on the kitchen floor of the townhouse and sustained personal injury. Mr. Cintron and his wife thereafter sued Osmose on counts of strict liability and negligence. They also sued Lennar, alleging negligence.
Osmose and Lennar filed separate motions to dismiss the Cintrons' complaint. Upon review, the trial court entered an order summarily granting the motions to dismiss but allowing the Cintrons thirty days to file an amended complaint. Apparently satisfied that they had adequately plead causes of action for strict liability and negligence, the Cintrons declined to amend their complaint. The trial court thereafter entered an order summarily dismissing with prejudice the Cintrons' initial complaint. We conclude that dismissal was improper because the complaint included allegations sufficient to state causes of action for strict liability and negligence.
In Florida, a complaint must contain a short and plain statement of the ultimate facts demonstrating that the plaintiff is entitled to the relief requested. See Fla.R.Civ.P. 1.110(b). In reviewing a motion to dismiss a complaint, the trial court must make its decision solely upon questions of law. In conducting this review, the court must confine itself to the four corners of the complaint and *861 accept all allegations in the complaint as true. In this regard, the trial court is not free to speculate as to what may indeed be true or ultimately proven. The question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested. Odham v. Foremost Dairies, Inc., 128 So.2d 586 (Fla.1961).
Osmose filed a motion to dismiss the strict liability count of the Cintrons' complaint asserting two separate arguments. Specifically, the motion to dismiss asserted that Osmose could not be held liable for Mr. Cintron's injuries because the corporation does not sell any wood products. However, this assertion of fact cannot support dismissal because it is in direct conflict with allegations contained in the Cintrons' complaint averring that the Flameproof LHC plywood was manufactured and distributed by Osmose. As noted above, factual conflicts cannot be resolved by motions to dismiss because all allegations in the complaint must be accepted as true. Such conflicts are better addressed in summary judgment proceedings.
Osmose also maintained that dismissal of the Cintrons' complaint was required because the complaint failed to contain an allegation that the fire retardant chemicals "reached the plaintiff without substantial change in the condition in which it was sold." This argument lacks merit because the complaint specifically contains such an allegation. More important, however, is the fact that there is no legal authority requiring such an allegation. Instead, a cause of action on the theory of strict liability may be properly pled by alleging:
(1) the manufacturer's relationship to the product in question,
(2) the unreasonably dangerous condition of the product, and
(3) the existence of a proximate causal connection between the condition of the product and the plaintiff's injury.
West v. Caterpillar Tractor Co., Inc., 336 So.2d 80, 87 (Fla.1976). While a change in the condition of the product may be raised by the defendant as a defense, the plaintiff has no duty to anticipate or negate such a defense in the complaint. Hough v. Menses, 95 So.2d 410 (Fla.1957).
Osmose raises the additional arguments that dismissal of the strict liability claim was proper because the complaint failed to specifically identify the alleged defect and to set forth sufficient facts to establish that the alleged defect was the proximate cause of Mr. Cintron's injury. These arguments are also meritless. The complaint clearly alleged that the fire retardant chemicals caused the plywood to deteriorate prematurely. The complaint also alleged that Mr. Cintron was injured when he fell through the roof after the roof sheathing gave way due to the plywood having been treated with defective chemicals manufactured by Osmose. These allegations sufficiently address the issues of identity of the defect and the proximate cause of the injury.
Thus, with regard to the Cintrons' claim of strict liability against Osmose, the trial court's dismissal order must be reversed because the complaint adequately sets forth a cause of action and complies with the requirement that a claim for relief contain a short and plain statement of the ultimate facts showing that the plaintiff is entitled to relief. See Cunningham v. General Motors Corp., 561 So.2d 656 (Fla. 1st DCA 1990).
Osmose next argues that the dismissal of the Cintrons' claim of negligence was properly entered because the complaint failed to allege with specificity any duty owed by Osmose to the Cintrons. We disagree.
There are four elements which must be plead to state a cause of action for negligence; namely,
(1) a legal duty of the defending party to protect the party seeking relief under the circumstances;
(2) negligent failure by the defending party to comply with the duty;
(3) injury to the party seeking relief as a result; and
(4) damages.
Simon v. Tampa Electric Company, 202 So.2d 209, 213 (Fla. 2d DCA 1967). The law imposes upon manufacturers a duty to exercise *862 reasonable care so that their products in the marketplace will not harm persons or property. Monsanto Agricultural Products Co. v. Edenfield, 426 So.2d 574 (Fla. 1st DCA 1982).
The Cintrons' complaint properly averred that Osmose, as the manufacturer of both the fire retardant chemicals and the Flameproof LHC plywood, had the duty to undertake adequate testing of the fire retardant chemicals to insure that the chemicals would function properly in all of its foreseeable uses, including the use of Flameproof LHC plywood as roof sheathing. As for alleging a breach of these duties, the complaint averred that Osmose failed to conduct reasonable tests and inspections to discover the defective conditions before placing the fire retardant chemicals and Flameproof LHC plywood into the stream of commerce. The complaint further alleged that Osmose breached its duty to warn foreseeable users that the fire retardant-treated chemicals would cause the Flameproof LHC plywood to deteriorate prematurely when used as roof sheathing. These allegations were sufficient to set forth a claim of negligence, and therefore, dismissal of this negligence count was improper.
Lennar filed a separate motion to dismiss asserting that the Cintrons' claim of negligence against their corporation was defective because the complaint failed to allege "any facts showing that it breached a duty of care in manufacturing a home with Flameproof LHC plywood or in failing to provide noticeable warning of the dangerous condition created by Flameproof LHC." Review of the Cintrons' complaint rebuts this claim.
The Cintrons' complaint charged Lennar with breaching its duty of care in manufacturing and erecting the townhouse by using the flame retardant products without taking proper precautions to prevent or minimize strength loss, which Lennar knew or should have known would occur. The complaint also alleged that Lennar Homes further breached its duty of care by failing to warn reasonably foreseeable users of the dangerous condition. These allegations were sufficient to set forth a cause of action for negligence. Accordingly, dismissal of the negligence count against Lennar was improper.
The order of the trial court dismissing with prejudice the counts of strict liability and negligence against Osmose and the count of negligence against Lennar is reversed and this matter is remanded for further proceedings.
REVERSED and REMANDED for further proceedings.
PETERSON, C.J., and GOSHORN, J., concur.