GOSHORN, J.
Melbourne Medical Laboratory, Inc. (“MML”) appeals a summary final judgment entered in favor of Lab Corporation of America (“Lab Corp”), f/k/a Roche Laboratories. We affirm in part, reverse in part, and remand for further proceedings consistent herewith.
In 1994, MML began leasing space from a doctor adjacent to that doctor’s medical practice, known as Village Internal Medicine (“Village”). MML set up a phlebotomy station in that space, drew blood, prepared specimens, and sent the specimens off to Lab Corp for analysis. In July 1995, Lab Corp began leasing space from the same doctor, also adjacent to Village and connected by an open doorway, and set up its own' blood-drawing station there.
On May 30, 1996, Lab Corp filed a complaint seeking to recover $55,903.31 plus interest allegedly due from MML for lab services rendered. MML answered by denying the material allegations of the complaint and pled, as affirmative defenses, setoff and breach of an implied duty of good faith that arose from an alleged contract between the parties. MML also filed a counterclaim alleging that Lab Corp had intentionally and unjustifiably interfered with the business relationship between Village and MML.
Lab Corp moved for a more definite statement of the counterclaim, and MML filed an amended counterclaim. The amended counterclaim alleged that Lab Corp was aware of the proximity of MML’s lab. to Village; that Lab Corp knew that there was an advantageous relationship between MML and Village; that Lab Corp rented adjacent space and attempted to hire away MML’s sole lab employee; that Lab Corp undercut MML’s prices; and that MML lost revenue due to the establishment of Lab Corp’s phlebotomy station. The amended counterclaim then alleges that Lab Corp violated the Starke II Act (42 U.S.C. § 1395nn) [1] and the Patient Self-Referral Act of 1992 (formerly Fla. Stat. § -455.236, et seq., now § 455.654 et seq.) by entering into a lease with Village for less than one year, and that Lab Corp’s actions were “designed to intentionally and unjustifiably interfere with the relationship between” MML and Village, as well as between MML and past and prospective patients.
Lab Corp answered the amended counterclaim by denying the allegations. However, Lab Corp did not assert any affirmative defenses. Lab Corp moved for summary judgment and filed an affidavit of its credit officer in support of the debt owed by MML. In opposition to the summary judgment motion, MML filed an affidavit which related to. the counterclaim but not to the existence of the debt. At the hearing on the summary judgment motion, Lab Corp defended the counterclaim on. the basis that there is no private cause of action under the statutes cited by Lab Corp and that Lab Corp did not engage in unfair (Competition in setting up its blood-drawing station. The court agreed and entered summary judgment for Lab Corp.
MML argues that summary judgment was prematurely entered because factual issues *964 allegedly remain regarding the existence of the debt and the validity of the counterclaim. As to the counterclaim, MML contends that the court erroneously permitted Lab Corp to argue the affirmative defense of competition at the hearing even though it had not raised any affirmative defenses in the pleadings.
As to the existence and amount of the debt owed by MML for lab services rendered, we find that summary judgment was properly entered. Although MML argues that Lab Corp did not adequately establish the debt owed, we find the invoices attached to the complaint and the affidavit filed in support of the summary judgment motion sufficient. Additionally, at the hearing MML did not contest the amount of the debt, and in fact agreed when the court noted that there appeared to be no attack on the amount. Hence, we affirm the summary judgment as to the amount of the debt.
We also affirm the summary judgment insofar as it relates to MML’s affirmative defense of breach of a contractual duty of good faith. Although MML continues to argue on appeal that it had a contractual relationship with Lab Corp, at the hearing below MML conceded, in response to explicit questioning by the judge, that there was no contract between the parties. Therefore, there is no contractual duty of good faith which Lab Corp could have breached to provide MML with a defense to the suit on the debt.
However, we find that the court prematurely entered summary judgment on MML’s counterclaim for tortious interference with an advantageous business relationship and the setoff defense based thereon. MML is correct that competition or economic privilege is an affirmative defense to a tortious interference claim and as such must be pled. See Ford Realty, Inc. v. Lane Wood, Inc., 405 So.2d 222 (Fla. 3d DCA 1981). Lab Corp did not plead any affirmative defenses to the counterclaim, instead arguing competition for the first time at the summary judgment hearing. Although Lab Corp contends that the amended counterclaim is unclear as to what cause of action was alleged, we find that a fair reading of the amended counterclaim clearly put Lab Corp on notice of the tortious interference claim, and Lab Corp should have alleged competition or privilege as an affirmative defense. Because it did not, the trial court should not have considered this defense at the hearing. Accordingly, we reverse the summary judgment as to MML’s counterclaim and concomitant defense of set-off.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
ANTOON, J., and BLACKWELL-WHITE, A., Associate Judge, concur.

. This section prohibits physicians from making certain referrals where the physician has a financial relationship with the entity to which patients would be referred. A landlord-tenant relationship is permitted so long as the lease is for a term of at least one year. 42 U.S.C. § 1395nn(e)(l)(A)(iii). See also 42 C.F.R. § 1001.952(b)(4).