846 So.2d 1204 (2003)
Richard L. SOBI, Appellant,
v.
FAIRFIELD RESORTS, INC., etc., Appellee.
No. 5D02-2914.
District Court of Appeal of Florida, Fifth District.
June 6, 2003.
*1205 Luis A. Gonzalez of L.A. Gonzalez, Law Offices, P.A., Orlando, for Appellant.
Erik E. Hawks and Wendy S. Temple of Akerman Senterfitt, Orlando, for Appellee.
SAWAYA, J.
Richard Sobi appeals the order dismissing his complaint against Fairfield Resorts, Inc. (Fairfield) with prejudice. The issue we must resolve is whether the trial court, in ruling on Fairfield's motion to dismiss for failure to state a cause of action, improperly considered matters outside the four corners of the complaint. Concluding that it did, we reverse and remand for further proceedings.
We will first discuss the allegations of the complaint because they are central to the resolution of the issue before us. We will next address the appropriate standard of review and conclude with a discussion of the essential elements of a cause of action for tortious interference with a business relationship, which is the cause of action asserted in the complaint.

Allegations of the Complaint
The complaint alleges that Sobi, a front line sales person employed at Fairfield's resort in Sandestin, received an offer from Intrawest Resorts to work as its marketing manager in Sandestin. Sobi resigned from his job with Fairfield, but informed Fairfield of his plans before he resigned. Fairfield knew the employment *1206 opportunity with Intrawest "offered [Sobi] an extraordinary career advancement opportunity." Just two weeks after he left Fairfield, Sobi received a letter from Fairfield demanding that he resign his position with Intrawest because his employment there was a breach of the Salesperson Agreement contract he had signed with Fairfield. The letter "reminds" Sobi that he had agreed not to provide timeshare, vacation club or related services to any entity having a sales office, timeshare, or resort within fifty miles of Fairfield's sales office in Destin for a period of six months after his employment with Fairfield ended.
When Sobi did not resign from Intrawest, Fairfield filed suit against Sobi and Intrawest to enjoin Intrawest from continuing to employ Sobi. Once Fairfield filed its suit, Intrawest terminated Sobi and Fairfield took a voluntary dismissal of its suit against Sobi and Intrawest. Sobi subsequently filed suit against Fairfield alleging tortious interference with his business relationship with Intrawest.
The complaint asserts that the covenant-not-to-compete that Fairfield was seeking to enforce was null and void. Sobi's complaint alleges that Fairfield knew that the covenant-not-to-compete it was seeking to enforce was void and unenforceable as a matter of law, yet Fairfield filed its civil action with the sole intent of interfering with the employer/employee relationship between Sobi and Intrawest. As Fairfield expected and intended, the suit caused Sobi's termination. Sobi further alleges that as a result of this unjustified and intentional interference with his employment, he was damaged.
Fairfield moved to dismiss the complaint, arguing that Sobi failed to adequately state a cause of action for tortious interference with a business relationship because Sobi was unable to establish the element of unjustified interference. Fairfield premised its argument on its assertion that it had the contractual right to interfere in the Sobi/Intrawest relationship based on the non-compete agreement Sobi executed when he was employed by Fairfield and another provision of the agreement that provided that in the event the employee breached the agreement, Fairfield would be entitled to an injunction against such breach. Following a hearing on Fairfield's motion, the trial court entered the dismissal with prejudice.

Standard of Review
In deciding the propriety of the order dismissing Sobi's complaint, this court is held to the following well-established principles of review:
The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. Provence v. Palm Beach Taverns, Inc., 676 So.2d 1022 (Fla. 4th DCA 1996). In making this determination, the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations. City of Gainesville v. State, Dept. of Transp., 778 So.2d 519 (Fla. 1st DCA 2001); Cintron v. Osmose Wood Preserving, Inc., 681 So.2d 859, 860-61 (Fla. 5th DCA 1996); Provence. It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them. City of Gainesville; Provence. Thus, "[t]he question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested." Cintron, 681 So.2d at 860-61. When an appellate court reviews an order determining the sufficiency of a complaint, the appellate court must apply *1207 the same principles as the trial court. City of Gainesville. Because the determination whether a complaint sufficiently states a cause of action resolves an issue of law, an order granting a motion to dismiss is reviewable on appeal by the de novo standard of review. Id.

Fox v. Professional Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001).[1] Accordingly, this court must review the four corners of Sobi's complaint, accepting the allegations thereof as true, to determine whether it states a cause of action for tortious interference with a business relationship.

Tortious Interference with a Business Relationship
"The elements of a cause of action based on tortious interference with a business relationship are (1) the existence of a business relationship; (2) the defendant's knowledge of the relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff as a result of the breach of the relationship." St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., Inc., 784 So.2d 500, 504 (Fla. 5th DCA) (citing Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So.2d 812 (Fla.1994) (citing Tamiami Trail Tours, Inc. v. Cotton, 463 So.2d 1126, 1127 (Fla. 1985))), review denied, 805 So.2d 806 (Fla. 2001). Just as required, Sobi's complaint did allege the business relationship at issue, Fairfield's knowledge of this business relationship, Fairfield's unjustified and intentional interference with the relationship and Sobi's damage resulting therefrom. Sobi's complaint acknowledged the non-compete agreement between Fairfield and Sobi, but alleged that it is void and unenforceable as a matter of law. Accepting these allegations as true, it is clear that the trial court erred in going outside the four corners of the complaint to decide that the non-compete agreement justified Fairfield's interference.[2]
In support of its contention that the dismissal was correct, Fairfield argues that it was a party to any business relationship that Sobi undertook in violation of his contract with Fairfield. Accordingly, Fairfield argues, it cannot be held liable for its interference with that contract. Fairfield cites Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 742 So.2d 381, 386 (Fla. 4th DCA 1999) ("For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship.") (citations *1208 omitted) and Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986) ("Under Florida law, a cause of action for tortious interference does not exist against one who is himself a party to the business relationship allegedly interfered with.") (citations omitted). However, Fairfield's argument is without merit in the face of the complaint's allegation that the non-compete clause is void and unenforceable.

Conclusion
Rather than accept the allegations of the complaint as true, the trial court did in fact go outside the four corners of the complaint to accept Fairfield's argument that the non-compete agreement precluded Sobi from being able to prove that Fairfield's interference was intentional and unjustified. This was error. The complaint states a cause of action, which is the sole issue to be decided on a motion to dismiss pursuant to rule 1.140(b)(6), Florida Rules of Civil Procedure. Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED for further proceedings.
PLEUS and MONACO, JJ., concur.
NOTES
[1] See also Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732 (Fla.2002) wherein the court stated:

As this cause comes to us from a trial court order of dismissal, two important principles govern our review. First, "[w]hether a complaint is sufficient to state a cause of action is an issue of law." W.R. Townsend Contracting, Inc. v. Jensen Civil Constr., Inc., 728 So.2d 297, 300 (Fla. 1st DCA 1999). Consequently, the ruling below is subject to de novo review. See id. Additionally, when presented with a motion to dismiss, a trial court is required to "treat the factual allegations of the complaint as true and to consider those allegations in the light most favorable to the plaintiffs." Hollywood Lakes Section Civic Ass'n, Inc. v. City of Hollywood, 676 So.2d 500, 501 (Fla. 4th DCA 1996) (citing Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So.2d 1028, 1030 (Fla. 4th DCA 1994)).
Id. at 734-35.
[2] In reaching this conclusion, we note parenthetically that Florida Telephone Corp. v. Essig, 468 So.2d 543 (Fla. 5th DCA 1985), which Fairfield relies on to support its contention that, as a matter of law, Fairfield's interference was justified by the non-compete contract it had with Sobi, is distinguishable. There, neither party to the non-compete agreement in question in that case contested the validity of the contract while here, Sobi's complaint challenges the non-complete provision as being void and unenforceable.