UNIVERSAL UNDERWRITERS
INSURANCE COMPANY,

    Appellant,

v.

BODY PARTS OF AMERICA,
INC.,

    Appellee.

_____/

IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4426

Opinion filed August 28, 2017.

An appeal from the Circuit Court for Columbia County.
Paul S. Bryan, Judge.

Jonathan P. Hempfling of Marcadis Singer P.A., Tampa, for Appellant.

Christopher M. Costello of Brannon, Brown, Haley & Bullock, P.A., Lake City, for Appellee.

PER CURIAM.

    Appellant appeals the trial court's final order dismissing its Second Amended Complaint for failure to state a cause of action. In deciding the propriety of this order, we are "held" to the following, well-established principles of review:

"The primary purpose of a motion to dismiss is to request the trial court to determine whether the complaint properly states a cause of action upon which relief can be granted and, if it does not, to enter an order of dismissal. *Provence v. Palm Beach Taverns, Inc.,* 676 So. 2d 1022 (Fla. 4th DCA 1996). In making this determination, the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations. *City of Gainesville v. State, Dept. of Transp.,* 778 So. 2d 519 (Fla. 1st DCA 2001); *Cintron v. Osmose Wood Preserving, Inc.,* 681 So. 2d 859, 860-61 (Fla. 5th DCA 1996); *Provence.* It is not for the court to speculate whether the allegations are true or whether the pleader has the ability to prove them. *City of Gainesville; Provence.* Thus, '[t]he question for the trial court to decide is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested.' *Cintron,* 681 So. 2d at 860-61. When an appellate court reviews an order determining the sufficiency of a complaint, the appellate court must apply the same principles as the trial court. *City of Gainesville.* Because the determination whether a complaint sufficiently states a cause of action resolves an issue of law, an order granting a motion to dismiss is reviewable on appeal by the de novo standard of review. *Id.*"

*Sobi v. Fairfield Resorts, Inc.,* 846 So. 2d 1204, 1206-07 (Fla. 5th DCA 2003) (emphasis added) (footnote omitted) (quoting *Fox v. Prof'l Wrecker Operators of Fla., Inc.,* 801 So. 2d 175, 178 (Fla. 5th DCA 2001)); *accord Toney v. C. Courtney,* 191 So. 3d 505, 507 (Fla. 1st DCA 2016) ("At this stage in the proceedings, we are required to accept as true the amended complaint's well-pleaded factual allegations and to draw all reasonable inferences from the allegations in the appellant's favor.")

In the present case, confining our review to the four-corners of the complaint and its attachments, accepting as true all its well-pleaded allegations, and drawing all inferences in favor of Appellant, we conclude that the Second Amended

Complaint sufficiently states a cause of action so as to withstand a motion to dismiss.

Accordingly, we reverse the order on review and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.

WETHERELL, BILBREY, and JAY, JJ., CONCUR.