[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-11556

————————————————

CLUB EXPLORIA, LLC,
CLUB EXPLORIA MANAGEMENT, LLC,
f.k.a. Summer Bay Management, L.C.,

Plaintiffs-Appellants,

versus

AARONSON, AUSTIN, P.A.,
d.b.a. Aaronson Law Firm,
AUSTIN N. AARONSON,

Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:18-cv-00576-JA-DCI

———————————

Before LAGOA, BRASHER, and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal is a dispute between a time share company—Club Exploria, LLC, and Club Exploria Management LLC—and a lawyer—Austin Aaronson and Aaronson, Austin PA. The lawyer represents time share owners who want to rescind, modify, or otherwise "get out" of their time share agreements. Six of the lawyer's clients stopped making time share payments to Exploria that they were contractually obligated to make.

After the lawyer's clients stopped making their contractually obligated payments, Exploria sued the lawyer for tortious interference with a contractual relationship under Florida law. The elements of a tortious interference claim under Florida law are: 1) a contract existed; 2) the defendant's knowledge of the contract; 3) the defendant's intentional procurement of the contract's breach; 4) an absence of justification or privilege; and 5) damages resulting from the breach. *Johnson Enters. of Jacksonville v. FPL Group, Inc.*, 162 F.3d 1290, 1321 (11th Cir. 1998) (citing *Florida Tel. Corp. v. Essig*, 468 So. 2d 543, 544 (Fla. 5th DCA 1985)).

The district court granted summary judgment against Exploria's tortious interference claims, and Exploria appealed. We review a district court's grant of a motion for summary judgment *de novo*. *Stardust, 3007 LLC v. City of Brookhaven*, 899 F.3d 1164, 1170 (11th Cir. 2018). Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *United States v. Four Parcels of Real Prop. in Greene & Tuscaloosa Cntys.*, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We construe the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Yet, "[the] court need not permit a case to go to a jury . . . when the inferences that are drawn from the evidence, and upon which the nonmovant relies, are 'implausible.'" *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 743 (11th Cir. 1996).

The district court granted summary judgment because, after discovery, Exploria did not present evidence that would create a genuine dispute as to whether the lawyer intentionally procured the breach of any contract between his clients and Exploria. The district court explained that "[a]lthough Exploria asserts that Aaronson instructed the six Affected Owners to stop paying, there is no evidence that Aaronson did so or that he otherwise caused the

owners to believe that they no longer needed to make payments." Specifically, the district court noted that: (1) only two of the clients were deposed and both testified that the lawyer never told them to stop paying their contractual obligations, (2) the two deposed clients testified that they stopped paying for unrelated reasons, such as financial difficulty, and (3) several of the clients stopped making payments before they had even retained the lawyer.

On appeal, Exploria argues that it introduced sufficient evidence to create a genuine dispute of material fact about whether the lawyer instructed his clients to stop paying. Exploria cites evidence that (1) some clients stopped paying their time share obligations after hiring the lawyer, (2) the lawyer advertised his services as assisting time share owners who want to dispute, rescind, or modify their time-share agreements, (3) the lawyer took the position in communications with Exploria that his clients could rescind the contract, and (4) the lawyer approved when a client in an unrelated case asked whether he could stop paying another time share company.

After careful consideration and with the benefit of oral argument, we agree with the district court. Assuming without deciding that Florida law authorizes a tortious interference claim against a lawyer based on his advice to a client, the mere fact a person hires a lawyer to assist him with a disputed contractual obligation and then breaches that disputed contractual obligation is insufficient to establish that the lawyer intentionally procured the breach. This is especially true when, as in this case, the client testifies without

contradiction that he or she breached the contract for reasons un-related to the lawyer's advice or representations. *See Avenue CLO Fund, Ltd. v. Bank of Am., N.A.*, 723 F.3d 1287, 1294 (11th Cir. 2013) ("an inference based on speculation and conjecture is not reasonable"). Although the lawyer approved when a client in an unrelated case asked whether he could breach his contract with another company, this single instance is insufficient to conclude that the lawyer has a habit or routine practice of advising clients to breach their contracts. *See* FED. R. EVID. 406; 23 Charles Alan Wright, et al., *Fed. Prac. & Proc. Evid.* § 5276 (2d ed. 1980) ("a single instance of conduct is not sufficient to prove habit or routine practice"). For these reasons, Exploria did not introduce evidence that would create a genuine dispute as to whether the lawyer intentionally procured the breach of any contract between his clients and Exploria.

Because the district court did not err in granting summary judgment, it also did not err in denying Exploria's motion for a new trial.

Accordingly, the district court's judgment is **AFFIRMED**.