DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

A ADVOCATES & ATTORNEYS OF KENNEDY LAW GROUP
a/k/a KENNEDY LAW GROUP,

Appellant,

v.

VICKI S. UITERWYK; DALE SWOPE; and
SWOPE, RODANTE, P.A.,

Appellees.

No. 2D2025-1242

_____

May 29, 2026

Appeal from the Circuit Court for Hillsborough County; Paul L. Huey,
Judge.

Joshua S. Widlansky of Padula Bennardo Levine, LLP, Boca Raton, for
Appellant.

Robert M. Klein of Freeman Mathis & Gary, LLP, Miami, for Appellee,
Vicki S. Uiterwyk.

No appearance for remaining Appellees.


SMITH, Judge.

Appellant A Advocates & Attorneys of Kennedy Law Group a/k/a Kennedy Law Group challenges the trial court's order dismissing with prejudice its complaint for tortious interference against Appellee Vicki S. Uiterwyk, where the trial court considered matters beyond the four corners of the complaint. Because in granting the dismissal with prejudice the trial court relied on information and an affirmative defense that did not appear on the face of the complaint, we reverse and remand for further proceedings.

I.

Kennedy Law Group filed a complaint alleging two counts of tortious interference with a contractual and/or business relationship against Dale Swope and Swope, Rodante, P.A. (collectively Swope), and Mrs. Uiterwyk; the complaint alleged that Swope and Mrs. Uiterwyk's actions interfered with Kennedy Law Group's referral and contingency agreements. Kennedy Law Group alleged that it referred hundreds of *Engle*[1]-progeny tobacco litigation cases to Mrs. Uiterwyk's husband's firm, Hendrik Uiterwyk, P.A., on a contingency fee basis through which Kennedy Law Group was entitled to twenty-five percent of any recovery.[2] The complaint further alleged that Mrs. Uiterwyk's husband suffered a stroke and was unable to practice law, eventually dying in December 2020, and that Mrs. Uiterwyk took over administrative duties for her husband's firm while he was incapacitated, including looking into selling the firm's *Engle* cases, the personal injury side of the firm, or the firm as a whole. Mrs. Uiterwyk consulted Swope for assistance with the *Engle* cases and her husband's firm affairs.

---

[1] *Engle v. Liggett Grp., Inc.*, 945 So. 2d 1246 (Fla. 2006).

[2] The complaint only attached one contingency fee agreement with one client.

2

Ultimately the complaint alleged that Swope and Mrs. Uiterwyk "gave away" *Engle* cases to other firms without conferring with Kennedy Law Group and either transferred, dismissed, or terminated representation in those cases, and sold Hendrik Uiterwyk, P.A., to two other attorneys. Pursuant to her answer and affirmative defenses, Mrs. Uiterwyk alleged that her actions were justified and privileged, that they were "undertaken to safeguard or promote [her] preexisting financial or economic interests," and thus, that she was immune from liability. Kennedy Law Group submitted its reply denying and demanding proof of Mrs. Uiterwyk's affirmative defenses. A short time later, Mrs. Uiterwyk moved to dismiss the complaint based in part upon her defenses, including that she was immune from liability because her actions were justified and privileged, not malicious.

At the hearing on the motion to dismiss, the trial court inquired whether there was some documentation that established Mrs. Uiterwyk's authority to act on her husband's behalf. When Mrs. Uiterwyk indicated that her husband had executed a durable power of attorney appointing her as his attorney-in-fact, the trial court continued the hearing for Mrs. Uiterwyk to provide those documents. Mrs. Uiterwyk filed the durable power of attorney along with a letter of administration, and without further hearing, the trial court granted the motion to dismiss the tortious interference count against Mrs. Uiterwyk with prejudice, finding that Kennedy Law Group "failed to plead a viable claim of tortious interference against [Mrs. Uiterwyk] and cannot do so for the reasons advanced by [Mrs. Uiterwyk]." The order specifically stated that the trial court had considered the durable power of attorney and letter of administration filed by Mrs. Uiterwyk after the hearing. Kennedy Law Group moved for rehearing, arguing among other things that the durable power of attorney

was not within the four corners of the complaint and that the information related to the privilege determination was improperly considered at the pleading stage. The trial court denied the motion for rehearing, and Kennedy Law Group timely appealed.

II.

We review de novo an order granting a motion to dismiss. *Brooke v. Shumaker, Loop & Kendrick, LLP*, 828 So. 2d 1078, 1080 (Fla. 2d DCA 2002) (citing *Value Rent–A–Car, Inc. v. Grace*, 794 So. 2d 619, 620 (Fla. 2d DCA 2001)).

Kennedy Law Group argues that it pleaded a facially sufficient claim for tortious interference. The elements of such a claim are "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985).

The dispute on appeal primarily concerns whether Kennedy Law Group sufficiently pleaded the third element: that Mrs. Uiterwyk engaged in unjustified and intentional interference with the contingency fee agreements.[3] The trial court found that Mrs. Uiterwyk's alleged interference was justified because she was her husband's "duly appointed attorney-in-fact" and "was acting within the scope of her

---

[3] Mrs. Uiterwyk also argued in her motion to dismiss that Kennedy Law Group had failed to establish the existence of an enforceable contingency fee agreement or that it suffered damages, but because dismissal was granted based on the trial court's finding that Mrs. Uiterwyk's alleged interference was justified, the issues on appeal relate only to that third element.

4

authority as an agent of [her husband and his firm]." These facts were not alleged in the complaint but were considered as a result of the trial court's review of the durable power of attorney and letter of administration as noted in the order.

"It is axiomatic that on a motion to dismiss, 'the trial court must confine its review to the four corners of the complaint, draw all inferences in favor of the pleader, and accept as true all well-pleaded allegations.' " *Newberry Square Fla. Laundromat, LLC v. Jim's Coin Laundry & Dry Cleaners, Inc.*, 296 So. 3d 584, 589 (Fla. 1st DCA 2020) (quoting *Sobi v. Fairfield Resorts, Inc.*, 846 So. 2d 1204, 1206 (Fla. 5th DCA 2003)). "The question for the trial court . . . is simply whether, assuming all the allegations in the complaint to be true, the plaintiff would be entitled to the relief requested." *Id.* (quoting *Cintron v. Osmose Wood Preserving, Inc.*, 681 So. 2d 859, 861 (Fla. 5th DCA 1996)). And so "[w]here a motion to dismiss . . . rests on facts outside the scope of the allegations contained in the complaint, the trial court commits reversible error in dismissing the complaint based on those extraneous matters." *Id.* (alterations in original) (quoting *Hewett-Kier Constr. v. Lemuel Ramos & Assocs., Inc.*, 775 So. 2d 373, 375 (Fla. 4th DCA 2000)).

The actual allegations in the complaint—that Mrs. Uiterwyk acted on her husband's prestroke advice to contact Swope and that Swope advised her to take over administrative duties for her husband's firm—do not establish an agency or attorney-in-fact relationship, much less that she was acting within the scope of the same, nor do the allegations reference a durable power of attorney or letter of administration. And while the complaint alleged that Swope advised Mrs. Uiterwyk in her capacity as personal representative of her husband's estate, it did not allege facts related to the scope of that representation. To the extent that

5

Mrs. Uiterwyk argues that the trial court's reliance on the extraneous documents was permissible because "the [trial court] considered the [durable power of attorney] only to confirm what the Complaint alleged," we see no merit in that argument. *See, e.g., Sobi*, 846 So. 2d at 1206 ("[T]he trial court must confine its review to the four corners of the complaint.").

The trial court was also precluded from considering Mrs. Uiterwyk's affirmative defenses related to privilege where those defenses were not apparent on the face of the complaint.[4] *See Newberry Square Fla. Laundromat*, 296 So. 3d at 589 ("An affirmative defense cannot be raised by a motion to dismiss if the motion requires the court 'to consider matters outside the four corners of the complaint.' " (quoting *Attias v. Faroy Realty Co.*, 609 So. 2d 105, 106 (Fla. 3d DCA 1992))); *Williams v. Gaffin Indus. Servs., Inc.*, 88 So. 3d 1027, 1029 (Fla. 2d DCA 2012) ("Even a relatively straightforward affirmative defense, such as one based upon the statute of limitations, is not a basis for dismissal unless the complaint affirmatively and clearly shows the conclusive applicability of

---

[4] The "privilege to interfere to protect one's own financial and contractual interests" is a legitimate defense to a tortious interference claim and resolution of that defense requires more than just conclusory allegations in a motion to dismiss. *See Weisman v. S. Wine & Spirits of Am., Inc.*, 297 So. 3d 646, 651 (Fla. 4th DCA 2020) (holding defendant must show that "improper means were not employed" in protecting his or her interest, upon which "[t]he burden to defeat the privilege then shifts to the party that brought the tortious interference claim to show improper means were employed" (citing *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 386 (Fla. 4th DCA 1999))); *see also Melbourne Med. Lab'y, Inc. v. Lab Corp. of Am.*, 722 So. 2d 962, 964 (Fla. 5th DCA 1998) ("[E]conomic privilege is an affirmative defense to a tortious interference claim.").

6

the defense." (quoting *Vause v. Bay Med. Ctr.*, 687 So. 2d 258, 261 (Fla. 1st DCA 1996))).

The appropriate forum to resolve these disputed affirmative defenses is not at the motion to dismiss stage based upon unsworn statements of counsel but at summary judgment or trial. *See, e.g., Fariello v. Gavin*, 873 So. 2d 1243, 1245 (Fla. 5th DCA 2004) (stating that an affirmative defense may "be considered after the facts are fleshed out by summary judgment or trial" and should not be raised in a motion to dismiss unless "the facts giving application to the defense are clearly apparent on the face of the complaint").

## III.

Because the complaint stated a prima facie claim for tortious interference, the trial court's dismissal of the complaint with prejudice as to Mrs. Uiterwyk, based upon matters outside the four corners of the complaint, was error. We therefore reverse and remand for further proceedings. Nothing herein shall be construed to comment on the merits of the parties' claims and defenses.

Reversed and remanded.


KHOUZAM and SLEET, JJ., Concur.

_____

Opinion subject to revision prior to official publication.